IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GAVRIEL GREEN**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**VOLCANO HARLEY-DAVIDSON**, a for-profit corporation; **HARLEY-DAVIDSON FINANCIAL SERVICES, INC.**, a for-profit corporation,<br><br>    Defendants. | Case No. 3:24-cv-1509-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

    Plaintiff Gavriel Green, representing himself, sues Volcano Harley-Davidson and Harley-Davidson Financial Services, alleging breach of contract, conversion, fraud, breach of fiduciary duty, deceptive pricing practices, infliction of emotional distress, and various claims under the Uniform Commercial Code ("UCC"). He seeks one billion dollars in damages. United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on December 23, 2024. Judge Beckerman recommended that this Court dismiss in part Plaintiff's complaint.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 –   ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court reviews the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff argues that Judge Beckerman's Findings and Recommendation violates both 28 U.S.C. § 453, which provides the oath of office that federal judges and justices must take, and the Code of Conduct for federal judges. Plaintiff also contends that Judge Beckerman demonstrated a "clear and unapologetic display of prejudice" towards "people who study the [UCC]" by characterizing Plaintiff's claims as being brought under a sovereign citizen theory. The Court rejects these objections.

Plaintiff next asserts that the *in forma pauperis* ("IFP") process outlined in 28 U.S.C. § 1915, violates his speedy trial and jury trial rights. The Ninth Circuit, however, has explained

that "§ 1915(e) 'not only permits *but requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.'" *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (emphasis in *Hebrard*) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). Such "mandatory *sua sponte* dismissal may occur '*at any time*.'" *Id.* (emphasis in *Hebrard*) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Thus, Plaintiff's objection is without merit.

The Court has reviewed *de novo* the portions of Judge Beckerman's Findings and Recommendation to which Plaintiff has objected. The Court agrees with Judge Beckerman's reasoning and adopts those portions of the Findings and Recommendation. For those portions of Judge Beckerman's Findings and Recommendation to which Plaintiff has not objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 5. The Court DISMISSES IN PART Plaintiff's complaint, ECF 2. The Court dismisses all claims except Plaintiff's claim for common law fraud against Defendant Volcano Harley-Davidson. If Plaintiff believes in good faith that he can cure the deficiencies identified in the Findings and Recommendation, he may file an amended complaint not later than February 21, 2025. If Plaintiff does not file an amended complaint by this deadline, the case will proceed on his fraud claim against only Defendant Volcano Harley-Davidson.

**IT IS SO ORDERED**.

DATED this 23rd day of January, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 –  ORDER