Jared M. Ahern, OSB No. 221919
jahern@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, Oregon 97201
Tele: (503) 224-3092
Fax: (503) 224-3167

*Attorneys for Defendant TMCRC, Inc.*
*dba Volcano Harley-Davidson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GAVRIEL GREEN, | Case No. 3:24-cv-01509-SB |
| Plaintiff, | |
| | DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| VOLCANO HARLEY-DAVIDSON, | |
| Defendant. | |

/ / /

/ / /

Page 1 – DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

## I.    INTRODUCTION

Green's opposition contains a series of meritless arguments and offers no persuasive authority or analysis that changes the fact that the Court should dismiss his First Amended Complaint for failure to state a claim without leave to amend.

As set forth in VHD's motion, all of Green's claims fail because he does not plead damages. In response to this dispositive argument, Green asserts that his act of sending a demand letter to VHD, and VHD not agreeing to pay him the ten million dollars he demanded, constitutes a "tacit agreement to be sued for $10M." (Opp'n. p. 3.) VHD could not and did not become liable for ten million dollars in damages by refusing to pay that amount to Green. Green also argues that his demand letter creates liability because it is "truth in commerce." Not surprisingly, Green offers no authority for these arguments, and they are emblematic of the lack of merit of Green's claims.

In addition to the lack of damages, an independent reason all of Green's claims fail is that Green fails to allege that he performed the alleged contract to buy a motorcycle from VHD. He admits he did not pay cash and that his finance application was rejected, yet contends he somehow purchased the motorcycle from VHD. His argument is that VHD should have given him an approximately $30,000 motorcycle, and because it did not, it created millions of dollars of liability for itself under a series of confusing legal theories that have never been accepted by any court.

Basic contract law and common-sense dictate that a purported buyer of goods has to pay for those goods in order to obtain ownership. ORS 72.3010 ("The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract."). Green admits that he did not pay VHD. As a result, he has no claim to ownership of the motorcycle or for damages relating to the fact that VHD refused to simply give it to him. The fact that he never owned the motorcycle is also fatal to his conversion claim, because he never owned the property (the motorcycle) that he alleges was converted.

As he his short on any substantive arguments, Green relies heavily on the fact that the Court did not dismiss all of his claims during its screening process under 28 U.S.C. § 1915. That the Court did not *sua sponte* dismiss all of his claims does not mean the Court endorsed their merit, or decided they were immune to a motion to dismiss by VHD. Indeed, the Court can and should dismiss a meritless case such as this one after not initially dismissing it under 28 U.S.C. § 1915. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007) (stating that "basic fairness weighs in favor of allowing Defendants to have their motion decided on the merits" and that "[a]t the time of the initial screening, the complaint was liberally construed without the benefit of briefing from Defendants."). The Court has already dismissed VHD's former co-defendant, Harley-Davidson Financial Service, and should now do the same for VHD.

Green argues that his fraud claim is based on a VHD employee submitting his finance application without the phrase "without prejudice." However, he does not explain how this constitutes a misrepresentation, articulate what actions he took in reliance on this alleged action, or explain how it caused him damages. The end result if the employee would have submitted the application with "without prejudice" was the same: the bank refusing to finance Green's purchase. This is because he admits he did not, and would not, sign the finance agreement without the phrase "without prejudice" and the bank demonstrated it would not accept such a notation.

Finally, Green does not adequately address that he is not even suing in his own name, but brings his claim as "person GAVRIEL GREEN®, Plaintiff, by and through Gavriel Green, Pro Se."[1] This is straight from the sovereign citizen playbook, and this Court has already confirmed it will not entertain the frivolous legal theories that are the hallmark of that movement.

/ / /

/ / /

/ / /

---

[1] Mot. p. 5, n. 5 (noting Rule 11 concern with this sovereign citizen style gamesmanship).

Page 3 – DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

II.     **ARGUMENT**

A.     **Green Does Not Explain How He Suffered Any Damages**

The Court should dismiss all of Green's claims because he does not plausibly allege that he suffered any damages. Green argues that he "has identified several damages sustained as a result of Defendant's fraud, breach of contract, conversion, and breach of the implied covenant of good faith and fair dealing." (Opp'n. p. 2.) But Green does not explain what these damages are, their amount, or how they relate to his various theories of liability.

Green first argues that his settlement demand to VHD somehow creates recoverable damages, asserting that "Plaintiff's unrebutted affidavit to VHD stands as truth in commerce and his NOI to Sue stated in no uncertain terms that he would sue VHD for $10M due to their defaulting on his affidavit." (Opp'n. p. 3.)[2] VHD was not required to respond to Green's threats to sue it for ten million dollars, and the fact that VHD did not agree to Green's outrageous demand does not somehow create recoverable damages for Green. Green, of course, cites no authority supporting his argument, and there is none. The Court should reject Green's argument that VHD acquiesced to being liable for millions of dollars by not responding to Green's specious accusations in a demand letter. (Opp'n. p. 16 (arguing that "VHD simply ignored Plaintiff's NOI, thereby acquiescing to be sued for $10M.")).

Green also attempts to excuse his failure to allege how much damages he suffered by arguing that "[e]ither Plaintiff suffered damages or not–the sum demanded (whether one dollar or one hundred trillion dollars) doesn't negate the underlying allegations as to damages incurred." (Opp'n. p. 3.) By making this argument, Green acknowledges that he has not put

---

[2] Green also mentions a settlement offer he made to VHD. (Opp'n. p. 3 ("Notably, the Memorandum doesn't mention Plaintiff's good faith $250,000 settlement counter-offer after [VHD] was served.")). Settlement offers are not admissible to prove liability, including damages. ORS 40.190(a) ("Evidence of furnishing or offering or promising to furnish, or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."). In any case, the fact that Green made a settlement offer could not and did not cause him damages.

forward any damage allegation that is tethered to any actual harm he may have suffered. And Green is not correct that he can simply throw out a random number and the Court needs to accept it. Instead, a plaintiff has a duty to plead both the fact of damage and a reasonable basis for the Court to calculate the amount of damages. *See N. Pac. Lumber Co. v. Moore*, 275 Or. 359, 366 (1976) (stating that a plaintiff is required to "establish the fact of damage and evidence from which a satisfactory conclusion as to the amount of damage can be reached."). Green has not done that here. Instead, he asks the Court to accept his outrageously high damages allegations that have no connection to his efforts to purchase a motorcycle for less than $30,000. The Court should reject Green's legally unsound position.

Next, Green argues that this Court has already found that he has "sufficiently pled damages in the current four claims against VHD." (Opp'n. p. 3.) The Court pre-screened Green's First Amended Complaint under 28 U.S.C. § 1915 and rightfully dismissed most of it.[3] The fact that it permitted four claims against VHD to proceed does not mean that the Court found that those claims were immune to a motion to dismiss from VHD. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). The court in *Teahan* rejected the same argument Green makes now—that pre-screening under 28 U.S.C. § 1915 forecloses a later motion to dismiss from a defendant—reasoning that "basic fairness weighs in favor of allowing Defendants to have their motion decided on the merits" and that "[a]t the time of the initial screening, the complaint was liberally construed without the benefit of briefing from Defendants." *Id.*

---

[3] In its December 23, 2024, findings and recommendation, the Court recommended that the district judge dismiss Green's breach of contract and conversion claims against VHD with leave to amend. (Doc. no. 5, pp. 9 & 12.)  It identified many of the deficiencies with those claims that VHD identified in its motion to dismiss. In its March 12, 2025, findings and recommendations, the Court recommended that the four claims against VHD subject to this motion should be allowed to go forward, but it did not analyze the merits of those claims as it did in its December 23, 2024, order. (Doc. no. 12.) VHD submits that this is another reason that the Court should not defer to its prior screening under 28 U.S.C. § 1915. While the Court liberally construed Green's First Amended Complaint and permitted four claims to preliminarily go forward against VHD. VHD requests that the Court now dismiss all of Green's claims because he does not meet the pleading standards of Rule 12(b)(6).

Green has not adequately pled damages, and this Court should therefore dismiss his claims. *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (stating that 28 U.S.C. § 1915(e) "not only permits *but requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

**B.     Green Does Not and Cannot Explain How He Performed Under the Alleged Sales Contract and His Breach of Contract, Implied Covenant, and Conversion Claims Fail as a Result**

Green's breach of contract and breach of the implied covenant of good faith and fair dealing claims fail because Green does not allege that he performed his end of the contractual bargain, which required him to pay for the motorcycle. ORS 72.3010 (buyer has an obligation to pay the purchase price). As a result, Green never owned the motorcycle, and Green's conversion claim fails for this reason as well. *Walker v. First Nat. Bank*, 43 Or. 102, 104 (1903) (stating that conversion is "any distinct act of dominion wrongfully exerted over *one's property* in denial of his right, or inconsistent with it.") (emphasis added).

The Court agreed that Green failed to perform his obligations under the alleged contract when it analyzed Green's initial complaint. (Doc. no. 5, p. 8 ("Green fails to allege his own full performance, which would require holding an interest in the motorcycle, because, as discussed above, he fails to adequately plead that he ever effectively contracted with HDFS to finance the motorcycle's purchase.")). It should find the same again, and dismiss Green's claims for good.

Seemingly acknowledging that his failure to perform under the alleged contract is fatal to his claims, Green pivots to arguing that it is "irrelevant" whether or not he paid VHD, and that payment to VHD was "never a requirement." (Opp'n. p. 4.) Green's argument is wrong as a matter of law, as the buyer in a sales contract must pay the seller. ORS 72.3010. Green's breach of contract and breach of the implied covenant of fair dealing claims thus fail because Green failed to provide consideration to support the alleged contract. *Homestyle Direct, LLC v. Dep't of Hum. Servs.*, 354 Or. 253, 262 (2013) (stating that a contract requires consideration, which is "some right, interest, profit or benefit or some forbearance, deteriment [sic], loss or responsibility given, suffered or undertaken by the other."). Put another way, Green failed to

perform under the alleged contract, and therefore he fails to state a claim for breach of contract and, necessarily, breach of the covenant of good faith and fair dealing as well. *Slover v. Oregon State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996) (stating that "plaintiff's full performance" is a required element of a breach of contract claim); *Glob. Exec. Mgmt. Sols., Inc. v. Int'l. Bus. Machines Corp.*, 260 F. Supp. 3d 1345, 1377 (D. Or. 2017) (stating that the implied covenant of good faith and fair dealing "cannot expand the parties' substantive duties under a contract; rather, it relates to the performance of the contract.") (cleaned up).

On top of being contrary to ORS 72.3010 and basic common law that a contract requires consideration, Green cannot permissibly argue that he was not required to pay for the motorcycle because the bill of sale he attaches to his pleading shows a "balance due" of $21,083.01 from Green. (FAC Ex. 1.) Similarly, the promissory note that Green signed "without prejudice," showed that if the financing was approved (and it was not), the bank would direct the proceeds to VHD. (FAC Ex. 2, p. 2.) These documents reflect the obvious: to complete the purchase of the motorcycle from VHD, Green was required to pay for it, whether through direct payment to VHD or through financing. Green cannot make an argument or an allegation that contradicts these exhibits since he incorporates them into his complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Green tries to gloss over the fact that he failed to obtain financing by arguing that the agreement was that "Plaintiff pay VHD $500 and The Bank pay VHD the remaining costs and fees as itemized in the contract." (Opp'n. p. 9.) But the bank did not pay VHD the remaining costs because Green's finance application was rejected. (FAC Ex. 7 (stating that Green's "loan agreement has not been received, thus the application has since been canceled.").) Thus, even if a sales contract between VHD and Green were somehow completed, and it was not, VHD would be justified in rescinding the contract since the financing never went through. *See* ORS 646A.090.

The Court acknowledged the fact that Green's financing was not approved, and thus VHD never received any payment on behalf of Green. (Doc. no. 12 p. 3 ("Ultimately, HDFS never paid VHD, and VHD refused to deliver the motorcycle to Green.").) There is no basis in law to find that VHD did anything remotely legally actionable by not giving Green a free motorcycle, and the Court should reject Green's allegations and arguments to the contrary.

### C.     Green Does Not Allege a Valid Fraud Claim

As discussed above, Green has not alleged any damages, and his fraud claim fails for this reason since damages are a required element of fraud. *Webb v. Clark*, 274 Or. 387, 391 (1976). In his opposition, Green makes no effort to identify any out of pocket or other damages he suffered as a result of any alleged fraud by VHD. The lack of damages is sufficient reason, on its own, for the Court to dismiss Green's fraud claim.

Green fails to plead other elements of fraud as well. Initially, Green again argues that the Court's prior order allowing the fraud claim to proceed should be preclusive. As discussed above, this Court can and should dismiss a meritless claim in response to a motion to dismiss despite the fact that the Court did not dismiss the claim as part of its pre-screening process.

Another reason his fraud claim fails is that many of Green's arguments in support of that claim relating to the loan application and loan contract are based on facts not pled in his First Amended Complaint. *See, e.g.*, (Opp'n. p. 20 (arguing about the difference between the "application" and the "contract"); & p. 21 (arguing that Green was "perplexed as to why The Bank was acting [sic] they hadn't seen 'without prejudice' before, when they already accepted it on his application. So Mike explained that Karl left it out on the application, so the contract was the first time The Bank saw 'without prejudice.'").) The Court should not consider these "facts" in considering this motion since Green did not plead them.

Green argues that the "fraud" was VHD employee "Karl" submitting a credit application without the phrase "without prejudice" while telling Green that he would include that phrase. (Opp'n. p. 21.) In addition to the lack of damages, Green does not allege that he did anything in reliance on this alleged false representation that proximately caused him injury. *See Webb*, 274

Or. at 391. Instead, Green simply alleges that he ultimately failed to secure financing because he would not sign a contract without the phrase "without prejudice." (FAC ¶ 121.) This would have been the same result if Karl would have submitted the application with the phrase "without prejudice" on June 3, 2024, rather than removing it, as Green alleges.

Green's allegations that Karl at VHD submitted a finance application on June 3, 2024, without the phrase "without prejudice" are also contradicted by documents Green attaches to the First Amended Complaint. For example, Exhibit 7 to the First Amended Complaint is a letter from Eaglemark Savings Bank that states that it only received a loan application on June 2, 2024, not June 3, 2024, and that the bank cancelled the application because it did not receive a signed loan agreement. The bank's letter does not acknowledge receiving any application on June 3, 2024, which contradicts Green's allegations that Karl sent one to it on that date. The Court should credit the exhibit that Green includes with this pleading. *Sprewell*, 266 F.3d at 988.

Finally, Green admits that he still included "without prejudice" on the finance contract and "every document VHD provided" to the bank and alleges the bank rejected it for this reason. (FAC ¶¶ 125–26.) Thus, whether or not Karl included "without prejudice" on one of the finance applications or not, the result was still the same: the bank refusing to extend financing to Green because he refused to include a regular signature on his loan documents (i.e., a signature that did not include "without prejudice" next to it) and Green being unable to purchase a motorcycle.

Green cannot identify any action he took in reliance on the alleged misrepresentation of VHD, or any damages that were proximately caused by such alleged misrepresentation. This, combined with the fact that he fails to plead fraud with particularity, means that his fraud claim fails as a matter of law and the Court should dismiss it.

### D.    Green Impermissibly Tries to Sue Under a Purported Registered Trademark Rather than Personally on His Own Behalf

As an apparent follower of the sovereign citizen movement, Green tries to split himself into two legal entities. At the outset of his First Amended Complaint, he alleges the following: COMES NOW, person GAVRIEL GREEN®, Plaintiff, by and through Gavriel Green, Pro Se,

alleges and states as follows." And he signs the First Amended Complaint with a registered

trademark symbol as well. While Green can represent himself pro se, he appears to be trying to

proceed as a registered trademark, rather than a person. This violates Rule 11 and constitutes

another reason why the Court should dismiss this case. Fed. R. Civ. P. 11(a) (pleadings must be

signed by an attorney or by a "party *personally* if the party is unrepresented.") (emphasis added);

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (sovereign citizen arguments should

be rejected summarily).

## III.    CONCLUSION

Green's First Amended Complaint fails to state a claim, and the Court should dismiss it

without leave to amend.


DATED: September 19, 2025

                         CABLE HUSTON LLP


                         By: s/ Jared M. Ahern
                             Jared M. Ahern, OSB No. 221919
                             jahern@cablehuston.com
                             1455 SW Broadway, Suite 1500
                             Portland, Oregon 97201
                             Tele: (503) 224-3092
                             Fax: (503) 224-3167

                             *Attorneys for Defendant TMCRC, Inc.*
                             *dba Volcano Harley-Davidson*