IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GAVRIEL GREEN**, | Case No. 3:24-cv-1509-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **VOLCANO HARLEY-DAVIDSON**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      Plaintiff Gavriel Green ("Green"), representing himself, originally sued two Defendants, Volcano Harley-Davidson ("VHD") and Harley-Davidson Financial Services, Inc. ("HDFS"), alleging numerous claims. ECF 2 ("Compl."). Before service was allowed, United States Magistrate Judge Stacie Beckerman issued her Findings and Recommendation, recommending that the Court dismiss in part Green's Complaint with leave to amend. ECF 5. Green objected. ECF 9. After reviewing Green's objections, the Court adopted Judge Beckman's Findings and Recommendation, dismissing without prejudice all claims other than Green's fraud claim against VHD. ECF 10. Green then filed an Amended Complaint. ECF 11 ("Am. Compl."). Again, before allowing service, Magistrate Judge Beckman issued her Findings and Recommendation,

PAGE 1 – ORDER

recommending that the Court dismiss in part Green's Amended Complaint with prejudice and without leave to amend, allowing only Green's claims for breach of contract, breach of the duty of good faith and fair dealing, conversion, and fraud against VHD. ECF 12. Green objected, ECF 14, and the Court again, after reviewing Green's objections, adopted Judge Beckerman's Findings and Recommendation. ECF 15. Judge Beckerman then allowed service on VHD to proceed. ECF 16.

After receiving service, VHD filed a motion to dismiss all claims. ECF 22. Green responded, ECF 23, VHD replied, ECF 24, and, with leave of Judge Beckerman, Green filed a sur-response, ECF 30. On December 9, 2025, Judge Beckerman issued her Findings and Recommendation ("F&R"), recommending that the Court grant VHD's motion to dismiss, ECF 22, and dismiss Green's Amended Complaint, ECF 12, with prejudice. ECF 31. Green objected, ECF 33, and VHD responded, ECF 36. For the reasons explained below, the Court adopts in part Judge Beckerman's F&R, granting Plaintiff leave to replead only his fraud claim, and dismissing all other claims with prejudice.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a Magistrate Judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Green's allegations relate to VHD's refusal to sell Green a motorcycle. Green asserts that he applied for a motorcycle loan from HDFS, which was rejected. Green later filed a new application for a loan for the same motorcycle, which, according to Green, a VHD employee allegedly said was approved. Green requested a written contract for the purchase and sale of the motorcycle, which he allegedly signed and mailed to HDFS. Ultimately, VHD refused to sell the motorcycle to Green and refunded his down payment. Afterward, Green sent an email to VHD, stating that he had filed a lien on the motorcycle. HDFS sent Green a letter denying that it ever received his signed contract.

The Court has reviewed *de novo* those portions of Judge Beckerman's F&R to which Green has objected, as well as Green's objections and VHD's response. The Court reviewed, but declines to consider, the Declaration of Vicki Hoffarth, ECF 33-1, which Green submitted with his objections. Although the Court has discretion to receive new evidence in connection with objections, *see* 28 U.S.C. § 636(b)(1)(C) (stating that the district court judge "may also receive further evidence"), it will not do so here, because federal courts may not look to evidence outside of the complaint when resolving motions to dismiss under Rule 12(b)(6), *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

The Court agrees with Judge Beckerman's reasoning and summary of the Amended Complaint. In addition, correcting the purported misstatements of fact in the manner that Green proposes would not make Green's claims, as currently pleaded, viable. For Green's claims for breach of contract, breach of the implied duty of good faith and fair dealing, and conversion, the

Court agrees that dismissal with prejudice is appropriate. Judge Beckerman explained the deficiencies of those claims in her first Findings and Recommendation. *See* ECF 5 at 5-9, 10-14. Green had a fair opportunity to replead those claims and did not cure their deficiencies. Leave to amend therefore would be futile. The Court disagrees, however, that leave to amend would be futile with respect to Green's fraud claim. The Court did not previously dismiss Green's fraud claim against VHD. Thus, Green has not yet had the benefit of understanding the pleading deficiencies concerning his fraud claim or an opportunity to address those deficiencies. Specifically, Judge Beckerman notes, and the Court agrees, that Green has failed to plead recoverable damages resulting from his purported reliance on VHD's alleged misrepresentations.

The Court ADOPTS IN PART Judge Beckerman's Findings and Recommendation, ECF 31. The Court GRANTS VHD's Motion to Dismiss, ECF 22, and DISMISSES Green's Amended Complaint, ECF 11. The Court dismisses all claims with prejudice except Green's claim for common law fraud, which is dismissed without prejudice. If Plaintiff believes in good faith that he can cure the deficiencies identified in the Findings and Recommendation, he may file an amended complaint alleging fraud not later than February 20, 2026.

**IT IS SO ORDERED.**

DATED this 26th day of January, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge