# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

GAVRIEL GREEN,

      Plaintiff,

    v.

VOLCANO HARLEY-DAVIDSON,

      Defendant.

Case No. 3:24-cv-1509-SB

ORDER

**Michael H. Simon, District Judge.**

Plaintiff Gavriel Green ("Green"), representing himself, originally sued two Defendants, Volcano Harley-Davidson ("VHD") and Harley-Davidson Financial Services, Inc. ("HDFS"), after an unsuccessful attempt to purchase a motorcycle. ECF 2 ("Compl."). After two rounds of *in forma pauperis* ("IFP") screening and a motion to dismiss, the only claim that remains in Green's Second Amended Complaint ("SAC") is fraud. *See* ECF 39. Green's grievance is straightforward: he alleges that a VHD salesperson tried to "trick" him into signing a contract with terms that he did not agree to. Contracts, however, are not created by ambush—one party cannot unilaterally change the terms without the other's knowledge or consent. But, through his lawsuit, Green seeks to hold VHD bound to a contract with terms that it did not agree to.

PAGE 1 – ORDER

Because neither party can be required to comply with a contract to which it did not freely agree, Green is not entitled to any contractual remedy. Further, Green has not shown that he has suffered any damages caused by fraud. The Court thus adopts the Findings and Recommendation of the United States Magistrate Judge issued on April 8, 2026 and grants VHD's motion to dismiss with prejudice.

## STANDARDS

### A. Findings and Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

PAGE 2 – ORDER

**B. Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although the Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the Court need not credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation

PAGE 3 – ORDER

marks omitted). "Conclusory allegations are not entitled to the presumption of truth." *Gorman v. Compass Grp. PLC*, 2026 WL 363682, at *1 (D. Or. Feb. 9, 2026) (citing *Iqbal*, 556 U.S. at 678); *see also Iqbal*, 556 U.S. at 679-80 (describing the "two-pronged approach" from *Twombly*, during which the Court must first identify "legal conclusion[s]" that are "not entitled to the assumption of truth" before addressing the "well-pleaded, nonconclusory factual allegation[s]" (citations omitted)). "Conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *Conclusory*, Black's Law Dictionary (11th ed. 2019); *accord Iqbal*, 555 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). Once the complaint is stripped of conclusory statements, the Court must apply "judicial experience and common sense" and consider "obvious alternative explanation[s]" to determine if the complaint states a plausible cause of action. *See Iqbal*, 555 U.S. at 679, 682 (quoting *Twombly*, 550 U.S. at 567) (internal quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint

PAGE 4 – ORDER

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting same).

In addition to pleading plausible allegations, a fraud claim must satisfy the heightened pleading standard of Rule 9(b). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* The Ninth Circuit has explained that to satisfy Rule 9(b), "a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso*, 637 F.3d at 1055 (alteration in original) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

## DISCUSSION

The only claim remaining in Green's SAC is common law fraud. To state a claim for fraud under Oregon law, a plaintiff must plausibly allege that:

> [1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation [w]as false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance.

PAGE 5 – ORDER

*Great Am. Ins. Co. v. Linderman*, 116 F. Supp. 3d 1183, 1192 (D. Or. 2015) (bracketed numbers in original; alteration added) (quoting *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 351-52, *adhered to on reconsideration*, 350 Or. 521 (2011)).

VHD moves to dismiss Green's fraud claim because Green failed plausibly to allege the fifth element: damages. In his SAC, Green alleges the following damages: (¶ 96) possession and use of the 2023 Harley-Davidson Nightster RH975 motorcycle; (¶ 97) significant disappointment, reverence for Harley-Davidson, valuable riding time during Oregon's short riding season; (¶ 98) emotional distress, mental anguish, and frustration; (¶ 99) aggravation and stress dealing with HDFS; (¶ 100) a "severe toll on Plaintiff's well-being, leading to insomnia, heart palpitations, difficulty concentrating, obsessive thoughts, emotional eating, disrupted workout routines, weight gain, accelerated hair loss, and interference with Plaintiff's hypnotherapy"; and (¶ 101) recurring anxiety, including panic, when leaving his property with a mechanic overnight. He also requests punitive damages because of VHD's "deliberately malicious" behavior. *Id.* ¶¶ 102-03. Thus, the only issue for the Court to resolve is whether these injuries are recoverable in a claim of fraud. The U.S. Magistrate Judge recommended that they are not.

Green timely filed objections, so this Court reviews those portions of the F&R *de novo*.[1] Green objects to the U.S. Magistrate Judge's recommendation on three bases: (1) the F&R recommends dismissal based on arguments that the Court could have, but did not previously acknowledge; (2) the F&R errs in concluding that certain allegations are implausible, including: (a) that Green possessed the motorcycle; and (b) that the VHD manager promised Green a free

---

[1] The Court also has reviewed Green's attached Declaration in Support of Plaintiff's Objections to the F&R. ECF 53-1.

motorcycle; and (3) the F&R does not address several "material allegations," so its analysis is incomplete. The Court addresses each objection in turn.

## A.  Arguments Previously Made, But Not Acknowledged

Green objects that the U.S. Magistrate Judge recommended dismissal based on reasoning that she could have applied when reviewing Green's Complaint or FAC. He argues that the Magistrate Judge's failure to raise this deficiency in earlier F&Rs is a sufficient reason to decline adopting her recommendation now. ECF 53 at 1. The Court disagrees.

The U.S. Magistrate recommended that Green's fraud claim fails on two independent bases. First, she recommended that the three kinds of damages Green identifies (actual, emotional distress, and punitive) are not recoverable under the facts alleged. *See* ECF 51 ("F&R IV") at 6-7. Green specifically objects to the recommendation that Green "do[es] not plausibly allege suffering any recoverable damages for fraud since [he] do[es] not allege paying VHD for the motorcycle." ECF 53 at 1. Second, even if Green's damages were recoverable, Judge Beckerman recommends that Green did not plausibly allege that VHD's misrepresentations *caused* Green to suffer those damages. *See* F&R IV at 7 ("A common law fraud claim requires that the plaintiff was damaged as a result of his reliance, but Green fails to plead any recoverable damages resulting from his reliance on VHD's alleged misrepresentations. As a result, Green has failed to state a plausible fraud claim . . . ." (cleaned up)). Judge Beckerman previously recommended dismissal only on the second basis. *See, e.g.*, ECF 31 at 10.

The Court agrees that Green has failed plausibly to allege that VHD's fraud *caused* his damages. As Green's theory goes, the bank ultimately rejected Green's application because it included the phrase "without prejudice" on it.[2] Thus, the alleged fraud—"induc[ing] Green into

---

[2] Green alleges that VHD Manager Karl defrauded Green by "inducing [Green] into proceeding with the sale by leading him to believe The Bank had accepted his reservation of

PAGE 7 – ORDER

the sale" but *omitting* the phrase "without prejudice" from the initial application—did not

deprive Green of the motorcycle. Rather, it was the bank's rejection of Green's second

application, which contained the rights reservation that Green "made it very clear he would not

[submit the application] without," that ultimately "resulted in [Green] being deprived of his new

Harley-Davidson." Compl. ¶¶ 83-84, 79; FAC 121-22, 118. Put another way, the situation would

be the same with or without the alleged fraud. Green proceeded with the sale and ultimately

submitted his second application to the bank "without prejudice," and the still bank rejected it,

leaving Green without the motorcycle. Without the alleged fraud, Green would have refused to

submit his application and walked away from the sale, also leaving him without a motorcycle.

An essential element of fraud—that the plaintiff was damaged *because of* his reliance on the

defendant's fraud—is missing under Green's theory. Green therefore cannot state a claim for

fraud, and the motion to dismiss is properly granted.

Green objects that the U.S. Magistrate recommended, for the first time in F&R IV, that

his lost use and enjoyment of the motorcycle (SAC ¶ 96) *also* is not recoverable. After a court

has identified an adequate, independent ground for dismissal, it need not discuss other reasons

that the claim fails. *See, e.g.*, *Heard Farms, Inc. v. Franzenburg LLC*, 2025 WL 1882826, at *2

(D. Or. July 8, 2025) (refusing to reach additional argument for dismissal because "adequate

independent grounds for dismissal exist, obviating the Court's need to"). Judge Beckerman

previously identified such an adequate and independent basis to dismiss Green's claim, and she

---

rights on the [loan] application." ECF 2 ("Compl.") ¶ 82; ECF 11 ("FAC") ¶ 120. "Karl's
deception became evident when The Bank subsequently rejected [Green's] contract because it
included" the reservation "without prejudice" next to Green's signature. Compl. ¶ 83; FAC
¶ 121. "This resulted in [Green] being deprived of his new Harley-Davidson." Compl. ¶ 84; FAC
¶ 122. As Green alleged, he "made it very clear he would not apply for credit without that
phrase." Compl. ¶ 79; FAC ¶ 118.

PAGE 8 – ORDER

need not identify additional defects with the claim. Nor is she barred from identifying new defects with Green's claim upon repleading and another motion to dismiss.

## B. Findings that Allegations are Implausible

Green next objects that the F&R erred in finding that two groups of allegations are implausible: first, that Green did not plausibly allege possession of the motorcycle; and second, that the VHD manager did not promise Green a free motorcycle. As explained below, many of the allegations are either conclusory or implausible and thus were properly discounted.

Further, these allegations are only relevant to the extent that they might undermine Judge Beckerman's *alternative* basis for dismissing Green's claim, that he has no damages recoverable under Oregon law. Green alleged three kinds of damages: actual, emotional distress, and punitive. On the first kind, the Judge found that Green failed plausibly to allege that he owned, possessed, or paid for the motorcycle, and therefore that he could not recover the value of the bike. F&R IV at 6. Second, the Judge recommended that emotional distress damages (*see* SAC ¶¶ 97-101) are not recoverable in fraud. *See* F&R IV at 9-11. Third, the Judge recommended that punitive damages were not recoverable under the facts here. *Id.* Green does not object to the second or third recommendations, so the Court reviews those for clear error. Having found no clear error, the Court adopts the second and third recommendations. The only issue remaining is whether the Court should also adopt Judge Beckerman's alternative basis for dismissal regarding whether Green ever owned (and therefore, could have lost) the motorcycle.

### 1. "VHD's Documentation of Irreversible Transfer of Possession"

Green objects that the F&R ignores "VHD's documentation of irreversible transfer of possession." ECF 53 at 2-3. In support, Green points to paragraph 25 of the SAC, which reads:

> Saleswoman Vicki Hoffarth brought Plaintiff off the VHD
> dealership property to perform the delivery—the final part of the

PAGE 9 – ORDER

> sale—where she took pictures of Plaintiff on the bike as proof of
> him taking possession. (Exhibit F).

SAC ¶ 25.

This allegation makes two assertions: first, that Ms. Hoffarth took photos of Green sitting on the motorcycle. This is a factual assertion entitled to the presumption of truth. Second, the allegation suggests that the photos serve as "proof of [Green] taking possession." *See* SAC ¶ 25. That is a conclusory allegation that the Court does not assume to be true. It expresses an inference (*i.e.*, the photo proves that Green took legal possession of the bike) rather than pleading the facts supporting that conclusion (*e.g.*, identifying, even on information and belief, a contract term or internal VHD policy that states as much). The U.S. Magistrate Judge properly focused her inquiry on the factual assertion in paragraph 25—which does not prove that Green took possession of the motorcycle, particularly when read in light of the rest of the SAC, which alleges that VHD kept the bike after the photo was taken. *See, e.g.*, *id.* ¶ 44-45 (motorcycle in VHD service department and VHD staff refusing Green motorcycle); ¶ 53 (motorcycle still in VHD possession on June 27, 2023); ¶ 64 (describing the "dealership's retention of Plaintiff's property").

Green also points to Ms. Hoffarth's declaration in support of the argument that he had "possession" of the bike. *See* Hoffarth Decl. ¶¶ 11, 12, 17. These paragraphs read:

> Then I do the delivery, or what we call curbing the bike. This
> means bringing the bike to the curbside off the dealership property
> and taking a picture of the customer on the bike. We do this to
> prove the owner has taken possession of the bike and that the sale
> is complete.

> Once that picture is taken, a customer has all rights to take the bike
> home. If the customer changes their mind, we show them the
> picture and tell them it's too late, the motorcycle is already theirs.
> The delivery is such an important step, I would have to share
> commissions with another salesperson if someone else did my
> delivery.

PAGE 10 – ORDER

> The sales manager was adamant that I do the delivery that day, so when [Green] was finished signing the contract, I brought him off the dealership property to do the delivery. I still have the picture of him taking possession of his motorcycle that day.

*Id.*

Defendants oppose the Court's reliance on Ms. Hoffarth's declaration. "As a general rule," the Court may "not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up), *abrogated on other grounds as recognized by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). There are two exceptions to this rule: first, "material which is properly submitted as part of the complaint"; and second, "matters of public record" that the Court could otherwise take judicial notice of. *See id.* at 688-89. The first exception applies to the Hoffarth declaration because it was properly attached as an exhibit to the SAC, substantively referenced by the SAC, and no party questions its authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (district court did not err in considering affidavit because neither side questioned its authenticity and affidavit was expressly mentioned in pleading).

However, "[t]he Court may only consider admissible evidence that is submitted by a party in support of a pleading." *Simpson v. Held*, 2007 WL 1667148, at *2-3 (D. Or. June 1, 2007) (striking declaration when evaluating motion to dismiss because it "does not meet the evidentiary requirements regarding relevance and hearsay); *see also* Fed. R. Civ. P. 56(e). Defendants object that Ms. Hoffarth does not have adequate personal knowledge under Rule 701 of the Federal Rules of Evidence to testify on a legal conclusion of when the sale is complete, or when the customer has the "rights to take the bike home." *See* ECF 44 at 9-10. The Court agrees that these are legal conclusions that Ms. Hoffarth lacks personal knowledge to testify to.

Additionally, if these statements were styled as allegations, they would not be entitled to the presumption of truth because they are conclusory. Accordingly, the Court does not consider them. Without the discounted allegations and portions of Ms. Hoffarth's declaration, there is no "documentation of irreversible transfer" that Judge Beckerman failed properly to consider. As VHD highlights, "Green does not explain what 'documentation' he is referring to." ECF 54 at 4.

### 2.  Promise of Free Motorcycle

Green also alleged that "Business Manager Joe V. quietly told Plaintiff something which Plaintiff understood to mean VHD promised him a free motorcycle." SAC ¶ 28. Green attached a declaration from saleswoman Vicki Hoffarth that states: "Gavriel told me about a conversation he had with one of the managers about the lien and title. He understood the manager essentially promised him a free motorcycle. While I didn't hear it first hand—assuming Gavriel heard the manager correctly, I agree with his understanding." ECF 39-7 ¶ 24. Green argues that "the Court must accept [his] allegations and [the] attestation [of Vicki Hoffarth] as true," and "by downplaying the allegation of possession and delivery, the Court demonstrates bias toward VHD." ECF 53 at 3. He also directs the Court to the FAC, where he alleges additional details of his conversation with Joe V. *See id.* Joe V. allegedly told Green that "We spoke to the bank. The bike will be paid off in one week, they'll remove the lien, and the bike is yours." FAC ¶ 19.

The allegations from the SAC do not plausibly allege possession or ownership of the motorcycle. First, Green provides no details of his conversation with Joe V., only his understanding from the conversation. Ms. Hoffarth's statement in paragraph 24 of her declaration similarly provides no details about the conversation.[3] Green's allegation and

---

[3] The Court also sustains VHD's hearsay objection to Ms. Hoffarth's statement in paragraph 24. *See* ECF 44 at 10.

PAGE 12 – ORDER

Ms. Hoffarth's statement generally assert that Joe promised Green a free motorcycle, and that this promise formed the basis of a valid contract that VHD later breached. These are classic conclusory allegations that are properly discounted. *See, e.g.*, *Ratnaweera v. Resol. Tr. Corp.*, 951 F.2d 362, 1991 WL 279104, at *1 (9th Cir. Dec. 27, 1991) (unpublished) (holding that "allegations of breach of contract are vague and conclusory" where plaintiffs "merely assert that with regard to the loan, the defendants have failed to fulfill the requirements to be performed by them under the terms of the said agreement.'" (brackets omitted)). It is an unreasonable inference from the statements detailed in the FAC that VHD and the bank promised Green a free motorcycle.

## C. Failure to Address Material Allegations

Green argues that "[t]he stage of sale in which lender refused to perform is material," and that the F&R wrongly refused to accept as true allegations about the meaning of the contract, including the allegation that "[f]inancing was not a condition precedent to the sale." SAC ¶ 15.[4] But the meaning of a contract is a question of law for the Court to decide. *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). Because the Court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), and because Green attached the operative contracts to his complaint, the Court need not accept conclusory allegations about the meaning of the contract that are contradicted by the clear language of the contract itself. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1266-67 (9th Cir. 1987)

---

[4] Green also alleges that the contract "reflect[ed] HDFS' unconditional offer to finance the sale" and that, "[b]y signing the contract, Plaintiff accepted HDFS' unconditional offer to finance the sale and promised to pay HDFS according to the promissory note terms." *Id.* ¶¶ 19, 21.

PAGE 13 – ORDER

("Because we find that the complaint alleges sufficient facts to state a claim which are not, as a matter of law, refuted by the [attached] Official Statement, we reverse."). The sale was conditioned on Green paying VHD—either with cash or financing. Because Green never paid VHD, he never owned the motorcycle and was not damaged by VHD refusing to let him take it. *See* ORS 72.3010 ("The obligation . . . of the buyer is to accept and pay in accordance with the contract.").

Green asserts that the F&R should have addressed his arguments about the doctrines of equitable or promissory estoppel. *See* ECF 45 at 3. Under Oregon law, however, equitable estoppel must be pled. *See, e.g.*, *Farley v. Union Pac. Ins. Co.*, 269 Or. 549, 559 (1974) (This court has ruled many times that an estoppel must be pleaded.") (collecting cases). Green has never asserted a claim of equitable estoppel, and he cannot do so through briefing. Further, promissory estoppel is not a separate cause of action, but rather "is a subset of and a theory of recovery in breach of contract actions." *Kraft v. Arden*, 2008 WL 4866182, at *10 & n.4 (D. Or. Nov. 7, 2008) (quoting *Neiss v. Ehlers*, 135 Or. App. 218, 227-28 (1995)). Green's breach of contract claim has been dismissed with prejudice; he cannot revive that claim with arguments about promissory estoppel.

Finally, Green objects that the F&R does not address other "material allegations." *See* ECF 53 at 5-6.[5] The U.S. Magistrate Judge gave these allegations their proper weight in the motion to dismiss analysis because, taken as true, these allegations do not cure the missing fifth element of fraud (that Green was damaged because of his reliance on VHD's misrepresentations).

---

[5] These allegations include: VHD never asked Green to return the bike; VHD kept the "SOLD" sign on the bike with Green and Ms. Hoffarth's name on it for months; and Ms. Hoffarth believed she was paid a commission for the sale of the bike.

PAGE 14 – ORDER

Viewing the SAC in the light most favorable to Green, Green fails plausibly to allege common-law fraud. Green does not adequately plead recoverable damages. He does not object to Judge Beckerman's recommendations regarding emotional and punitive damages. The Court sees no clear error with those conclusions and thus adopts them. Regarding actual damages (the loss of use and enjoyment of the motorcycle), Green fails plausibly to allege that he ever owned the motorcycle. Even assuming that Green's damages were recoverable, though, Green also does not plausibly allege that he suffered any of those damages because of his reliance on VHD's alleged misrepresentations. The Court therefore ADOPTS the Findings and Recommendations (ECF 51) and GRANTS VHD's motion to dismiss (ECF 44) with prejudice.

**IT IS SO ORDERED.**

DATED this 8th day of May, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 15 – ORDER